■    DOROTHY J. GADEN, Appellant, v. ELMER L. GADEN, JR., Respondent, et al., Defendant.— In a partition action plaintiff, a former wife of defendant Elmer L. Gaden, Jr., appeals from a judgment of the Supreme Court, Suffolk County, entered May 19, 1969 after a nonjury trial, which dismissed her complaint on the merits and granted said defendant relief on his counterclaim pursuant to section 80-b of the Civil Rights Law. Judgment reversed, on the law, partition granted as demanded in the complaint, and counterclaim dismissed, with costs; and action remitted to the Special Term for entry of an appropriate judgment in accordance herewith. The findings of fact below are affirmed. The parties to this appeal were married in 1953 and divorced on May 20, 1960. In July, 1960, they resumed living together as husband and wife without remarrying. On August 30, 1961, following a contract of purchase entered into by respondent, title to premises 100 Ocean Avenue in Islip was acquired in the names of " Elmer L. Gaden, Jr., and Dorothy J. Gaden, his

wife." The purchase price of $38,000 was paid as follows: $13,000 in cash by respondent and the balance of $25,000 by loan from defendant Bay Shore Savings and Loan Association, secured by a bond and mortgage signed by both appellant and respondent. Appellant and respondent moved into their newly acquired house with their daughter two days before the closing, which took place on August 30, 1961, and lived there as husband and wife (albeit without marrying) until the spring of 1962 when appellant and the daughter moved out. Prior thereto, in December, 1961, title to a vacant lot contiguous to the house was similarly acquired in both names for a purchase price of $5,500, $300 of which was advanced by respondent and the balance, $5,200, was obtained by loan from his father. In June, 1962 [after plaintiff moved out] a promissory note in the sum of $5,200 payable to respondent's father was signed by respondent and appellant. It is conceded that respondent and appellant had planned to remarry and that the properties were purchased pursuant to that understanding. Appellant instituted this present action for partition of both parcels. Respondent counterclaimed for the imposition of a constructive trust and for rescission, predicated on a claim that the creation of the tenancy in common was a gift conditioned upon the remarriage which appellant never fulfilled. Respondent concluded his counterclaim with the allegation that if appellant were permitted to retain a one-half interest she would be unjustly enriched. He accordingly sought judgment (1) dismissing the complaint, · (2) imposing a trust, (3) rescinding the deeds and declaring them null and void, and (4) directing appellant to convey both properties to him. After a trial of the action the Special Term found that section 80-b of the Civil Rights Law was applicable and directed appellant to deliver a deed of her interest in the parcels at such time as respondent would deliver to her a release from liability on the bond and note which were used to acquire the parcels. The issues raised by this appeal are (1) whether section 80-b of the Civil Rights Law is applicable to the facts herein and (2) if said section is applicable, whether the court erred when it precluded appellant from introducing certain testimony. Section 80-b of the Civil Rights Law provides: " Nothing in this article contained shall be construed to bar a right of action for the recovery of a chattel, the return of money for securities, or the value thereof at the time of such transfer, or the rescission of a deed to real property when the sole consideration for the transfer * * * was a contemplated marriage which has not occurred, and the court may, if in its discretion justice so requires, (1) award the defendant a lien upon the chattel, securities or real property for monies expended in connection therewith or improvements made thereto, (2) deny judgment for the recovery of the chattel or securities or for rescission of the deed and award money damages in lieu thereof." This section was enacted in 1965 to alleviate the harsh results which had followed the enactment of the anti-heart-balm statute (*Lowe* v. *Quinn*, 32 A D 2d 269, 270; *Goldstein* v. *Rosenthal*, 56 Misc 2d 311, 314). One of the essential elements of the action is that the breach of the agreement to marry was by the donee (*Lowe* v. *Quinn*, *supra*, p. 271). We believe that section 80-b is not applicable to the case at bar for two reasons. First, the statute contemplates a case where one party has directly transferred property to another. Here the transfer was made by a third party to both of the parties. Second, the statute requires that the " sole consideration for the transfer * * * was a contemplated marriage ". Here, appellant signed the bond and mortgage for the first parcel and the note for the second parcel. Thus, she undertook a legal obligation with respect to both transactions and it cannot be said that the sole consideration that she supplied was her agreement to remarry respondent. Accordingly, we conclude that section 80-b of the Civil Rights Law is not applicable to the facts at bar.

Furthermore, even if we were to hold that the section does apply, we would reverse and remand for a new trial. In our opinion, the evidence which appellant proposed to introduce to establish respondent's alleged interest in another woman or women, and the course of conduct in which he allegedly engaged with respect thereto, all during and subsequent to the period when the parties resumed living together as husband and wife and re-established the familial unit with their daughter, was relevant on the issue as to whether appellant had unjustifiably breached the understanding between the parties. It was therefore error to prevent appellant from adducing such relevant evidence as she might have been advised within the confines herein mentioned. Beldock, P. J., Brennan, Munder, Martuscello and Kleinfeld, JJ., concur.